BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Banks, | No. CV 06-0245-PHX-DGC (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, et al., | |
| Defendants. | |

In this civil rights action brought by a *pro se* inmate, Defendants moved to dismiss (Docs. ##6, 12) for lack of exhaustion. Plaintiff responded (Doc. #8) and Defendants replied (Doc. #10). After careful review of these pleadings and the record, the Court will grant Defendants' motion.

**I. Background**

On January 3, 2006, Plaintiff filed a 42 U.S.C. § 1983 action against Sheriff Joseph M. Arpaio, alleging that his constitutional rights were violated by (1) exposure to asbestos and unsanitary conditions, (2) failure to deliver mail and deliberate indifference to his medical needs, and (3) overcrowding and excessive force (Doc. #1). Plaintiff asserted that he completely exhausted his administrative remedies (Id.). Defendant Arpaio was ordered to answer the Complaint, and subsequently filed a Motion to Dismiss arguing that Plaintiff failed to exhaust his administrative remedies because he did not grieve the issues raised in the instant complaint (Docs. ##3, 6). Attached to the motion were (1) the Maricopa County Inmate Grievance Procedures, (2) an affidavit of Sergeant Zelean Tademy, a Hearing Officer for inmate discipline and grievances, and (3) two grievances filed by Plaintiff (Doc. #6).

Plaintiff filed a Response arguing that he grieved to the highest level he could and that a lot of time inmate grievances get lost or thrown in the trash (Doc. #8). Further, Defendant failed to respond to his grievances and is "covering up" (Id.). Plaintiff then filed an Amended Complaint as of right (Doc. #9). In his Complaint, Plaintiff names as Defendants Arpaio and the Maricopa County Board of Supervisors, alleging that they violated his constitutional rights by (1) exposure to asbestos, (2) the failure to deliver his mail, (3) unsanitary conditions, (3) deliberate indifference to his medical needs, and (4) excessive force (Id.). Plaintiff stated that he filed several grievances, and the failure of Defendants to produce copies demonstrates a "cover up" (Doc. #9).

Defendant replied, attaching copies of grievances Plaintiff submitted after he filed the instant action (Doc. #10). Defendants also filed an Application requesting that the Motion to Dismiss apply to the Amended Complaint (Doc. #12). Defendants' request will be granted.

**II. Legal Standard**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l

1 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).  The proper
2 remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim
3 without prejudice."  Wyatt, 315 F.3d at 1120.

### III.  Analysis

5       An inmate should seek to resolve a conflict through the Maricopa County Jail
6 System's Inmate Grievance Procedures.  An inmate who wishes to file a grievance will be
7 provided a Grievance Form upon request, and must submit the form to a detention officer.
8 The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing
9 Officer.  If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his
10 decision to the jail commander, whose decision may be appealed to an External Referee.  The
11 External Referee's decision is final (Doc. #6, ex. 1).  For a medical grievance, the Hearing
12 Officer promptly forwards the complaint to the charge nurse, who will respond to the inmate.
13 The inmate may appeal the charge nurse's decision by filing an External Grievance Appeal,
14 which is forwarded to the Contracted Health Services Legal Liaison.  The Legal Liaison's
15 decision is final (Id.).

16       Tademy attested that Plaintiff only submitted two inmate grievances prior to filing the
17 instant suit, and did not pursue an External Appeal as to either grievance, or as to any issue
18 contained in the instant action (Doc. #6, ex. 2).  Copies of Plaintiff's grievances demonstrate
19 that he filed an inmate grievance regarding his diet and his limited access to his wheelchair
20 (Id., exs. 3-4).  Plaintiff's grievances were resolved at or before the Bureau Hearing Officer
21 level (Id.).  Defendant also produced copies of multiple grievances Plaintiff submitted after
22 he filed the instant action (Doc. #10).  The majority of these grievances also resolved at or
23 before the Bureau Hearing Officer level (Id.).  However, Plaintiff did externally appeal
24 grievances regarding the nursing staff (Id.).

25       Defendant demonstrated the existence of a grievance system to which Plaintiff failed
26 to fully avail himself.  Plaintiff asserted that he exhausted as far as possible; however, the
27 record demonstrates that *after* filing the instant action Plaintiff fully exhausted his complaints
28 regarding the nursing staff.  Thus, the record demonstrates that Plaintiff was aware of the

1  grievance procedures, and had the ability to properly utilize it. As for any claim Plaintiff has
2  in regard to the nursing staff, on which Plaintiff appears to have fully exhausted, because
3  Plaintiff failed to do this *prior* to filing the instant action, these claims must also be
4  dismissed. See Vaden v. Summerhill, 449 F.3d 1047,1050 (9th Cir. 2006) (providing that
5  a prisoner must exhaust available administrative remedies before bringing suit). Thus,
6  Defendants' Motion to Dismiss will be granted.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. # 6) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court must enter a judgment of dismissal accordingly.

DATED this 14th day of November, 2006.

_____
David G. Campbell
United States District Judge